JORDAN, Circuit Judge,
dissenting
I join my colleagues’ thoughtful analysis in this case in all but one important respect. I do not agree with them that, under the version of the regulation in force at the time of the crimes, a doctor’s certification of medical necessity (“CMN”) definitively established that an ambulance ride was medically necessary. Under the pertinent regulation, 42 C.F.R. § 410.40(d)(2), five separate conditions were, without elaboration, set forth as necessary to demonstrate that ambulance rides of the sort at issue here were reimbursable by Medicare. As accurately set forth in the Majority Opinion, those five were that the transportation was (1) medically necessary, (2) nonemer-gency in nature, (3) scheduled, (4) repetitive, and (5) justified by a CMN. My colleagues in the Majority treat the first and fifth conditions as redundant. I do not believe that they are. There was a reason why ambulance drivers were (and still are) required to fill out “run sheets” describing *693 the condition of the patients. Their observations matter.
While it may well have been that, in ordinary cases, a physician’s certification was enough to satisfy both the first and fifth conditions, there could have been cases in which an ambulance driver on the scene, dealing regularly with a patient, would apprehend a reason why transportation by ambulance was not medically necessary. I thus agree with the District Court’s analysis and with the following observation of the United States Court of Appeals for the Sixth Circuit in a case similar to ours:
[I]t is a cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute. The regulations provide that “Medicare covers medically necessary nonemergeney, scheduled, repetitive ambulance services if the ambulance provider ... obtains a [CMN].” 42 C.F.R. § 410.40(d)(2) (emphasis added). In other words, Medicare covers “non-emergency, scheduled, repetitive ambulance services” only if both (1) those services are medically necessary and also (2) the ambulance provider obtains a CMN. On the [defendants’] theory, obtaining a CMN demonstrates medical necessity. But if a CMN was all that was required to determine medical necessity, then the part of the regulation that required run sheets would be redundant. We choose to give effect to every word of the regulation.
United States v. Medlock, 792 F.3d 700, 709 (6th Cir. 2015) (internal quotation marks and citation omitted).
I would affirm the District Court’s judgment of sentence in all respects, as it reflects a thorough and sound analysis. Seeing no reason to vacate and remand, I respectfully dissent.